J-S42028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON J. EMRA | |
| Appellant | No. 554 EDA 2015 |

Appeal from the PCRA Order February 9, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003952-2009

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                        **FILED JULY 21, 2015**

Appellant, Jason J. Emra, appeals *pro se*[1] from the February 9, 2015

order dismissing his first petition for relief filed pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful

review, we affirm.

On August 15, 2011, Appellant pled guilty to two counts of possession

with intent to deliver (PWID).[2]  That same day, the trial court imposed an

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The PCRA court appointed counsel for Appellant, who later was granted leave to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.  Appellant does not challenge said withdrawal on appeal.

[2] 35 P.S. § 780-113(a)(30).

aggregate sentence of eight to 16 years' imprisonment, plus four years' probation. On September 9, 2011, the trial court resentenced Appellant upon consideration of a timely post-sentence motion for modification filed by the Commonwealth, although the relevant terms of the sentence remained unchanged.

Appellant did not file a notice of appeal with this Court. As a result, Appellant's judgment of sentence became final on October 11, 2011, when the time to file a notice of appeal to this Court expired.[3] **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.A.P. 903(c) (stating, "[i]n a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court[]"). Therefore, Appellant had until October 11, 2012 to timely file a PCRA petition. **See generally** 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the instant PCRA petition on December 4, 2014; as a result, it was patently untimely. Consequently, the PCRA court lacked jurisdiction to consider the

---

[3] We observe that the 30th day fell on Sunday, October 9, 2011, and the next day was a holiday, Columbus Day. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely notice of appeal was on Tuesday, October 11, 2011.

merits of Appellant's PCRA petition unless one "of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), [apply]." **Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted).

To the extent Appellant argues in his PCRA petition and appellate brief that **Alleyne v. United States**, 133 S. Ct. 2151 (2013) satisfies the new constitutional right exception to the time-bar under Section 9545(b)(1)(iii), this Court has held it does not. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). In addition, our decisions in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) and **Commonwealth v. Watley**, 81 A.3d 108 (Pa. Super. 2013) (*en banc*) only noted that **Alleyne** applied retroactively to cases that were on direct appeal at the time **Alleyne** was decided on June 17, 2013. **Newman**, *supra* at 90; **Watley**, *supra* at 117. This Court has not held that **Alleyne** applies retroactively to judgments of sentence already final when the **Alleyne** case was decided. Even if this Court did conclude as such, Section 9545(b)(1)(iii) only permits a time-bar exception when either our Supreme Court or the United States Supreme Court holds a new constitutional right to be retroactive to cases on collateral review. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii) (allowing a time-bar exception for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania … and has been held **by that court** to apply retroactively[]") (emphasis added).

Therefore, the PCRA court correctly determined that it lacked jurisdiction to address the merits of any of Appellant's claims.[4]

Based on the foregoing, we conclude the PCRA court correctly dismissed Appellant's PCRA petition as untimely. Accordingly, the PCRA court's February 9, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015

---

[4] Although **Alleyne** claims pertain to the legality of the sentence and are generally non-waivable, this does not displace the requirements of the PCRA time-bar. **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014).